FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2010 NOV -4 PM 2:57

CLERK R. Auk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ADAIR JOHNSON,                          :

        Petitioner,                     :

    vs.                                 :        CIVIL ACTION NO.: CV210-111

ANTHONY HAYNES, Warden,                 :

        Respondent.                     :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Adair Johnson ("Johnson"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Petitioner filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Johnson was sentenced to life imprisonment in the Southern District of Florida on January 13, 2004, for Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Cocaine, in violation of 18 U.S.C. § 841(a) (1); and Use of a Firearm in Relation to a Drug Trafficking Crime with a Murder, in violation of 18 U.S.C. § 924(j) (1). (Doc. No. 5-1, pp. 8-9). Johnson was ordered to pay $9,756.34 in restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664. (Id. at p. 12). Johnson filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255, and that motion was denied by the trial court. (CV0:05-61912, S.D. Fla., Doc. No. 11). Johnson argues that

the written Judgment allowing the government to use "other assets or income of the defendant to satisfy the restitution obligations" conflicts with the oral pronouncement of the court. (Doc. No. 1, p. 2).

## DISCUSSION AND CITATION TO AUTHORITY

The MVRA requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). Johnson's sentencing order states:

> It is further ordered that the defendant shall pay restitution in the amount of $9,756.34. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income to satisfy the restitution obligations.

(Doc. No. 5-1, p. 12). Johnson asserts that the statement, "These payments do not preclude the government from using other assets or income to satisfy the restitution obligations," conflicts with the court's oral pronouncement at sentencing[1]. (Doc. No. 1, p. 2).

When there is a discrepancy between the oral pronouncement of a sentence and the written judgment, the oral sentence controls. See United States v. Khoury, 901 F.2d 975, 977 (11th Cir.1990). In general, the judgment contains the written memorialization of the oral pronouncement of sentencing. FED. R. CRIM. P. 32(k)(1). Thus, a challenge to a written judgment is a challenge to a sentence and should be brought as a 28 U.S.C. § 2255 motion. Williams v. Corbin, CV108-82, 2008 WL 5085113, *2 (S.D. Ga. Dec. 2,

---

[1] Johnson failed to include a transcript of the oral pronouncement that is at issue. However, its absence has no bearing on the undersigned's recommendation.

2008). "In situations where a defendant moves to correct the written judgment to conform to the oral pronouncement, the defendant is challenging his sentence in the written form, and thus, the challenge is to his sentence." Id. When there is a variance between the oral and written sentence imposed, a defendant should challenge it by way of direct appeal or by a motion for correction of sentence. United States v. Holland, 850 F.2d 1048, 1050 (5th Cir. 1988).

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

In those instances where a § 2241 petition attacking a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006). To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Johnson previously filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. Johnson's assertion that a discrepancy exists between the oral pronouncement at sentencing and the written judgment constitutes a challenge to his sentence. Johnson did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over a § 2255 motion.[2] Johnson has presented no evidence that would satisfy the savings clause of § 2255. He makes no allegation that his claim is based upon a retroactive Supreme Court decision that establishes he was convicted for a nonexistent offense. As Johnson

---

[2] Moreover, the sentencing court, not this one, would have jurisdiction over Johnson's successive § 2255 claim. 28 U.S.C. § 2255(a).

AO 72A
(Rev. 8/82)

previously filed a § 2255 motion, and did not comply with the elements established in Wofford, he is precluded from filing a § 2241 petition to challenge his sentence.

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Johnson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _4th_ day of November, 2010.


_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE